

ENTERED
FEB 1 4 2005
U.S. DISTRICT COURT
CLARKSBURG WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERMELLE DEWBERRY,

      Petitioner,

v.                         CIVIL ACTION NO. 1:04CV97
                                   (Judge Keeley)

B.A. BLEDSOE,

      Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

## I. INTRODUCTION

On May 20, 2004, the *pro se* petitioner filed an Application for Habeas Corpus Ad Prosequendum Pursuant to 28 U.S.C. §2241(c)(5).

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

## II. FACTS

The petitioner raised the following ground in his §2241 petition:

Denial of due process; see the inclosed [sic] writ attached writ was filed in the State of Ohio but was returned with order that writ be filed in West Virginia. See inlcosed [sic] cover notice from the Clerk of Court.

The petitioner attached to his §2241 petition, a copy of his Petitioner's Writ of Habeas Corpus Ad Prosequendum as According to 28 U.S.C. §2241(a)(5) which he filed in the State of



Ohio, Hamilton County. In his state petition, the petitioner asserted that a detainer had been placed against him, and he requested that the court issue a writ of habeas corpus ad prosequendum requiring Warden, BA. Bledsoe and the Adult Parole Authority to bring him before the court for a parole violation hearing. The petitioner indicated that one of his witnesses has passed away and his other witness is elderly. The petition was returned to him with a note that it must be filed in the county where he is incarcerated. Subsequently, the petitioner filed the instant §2241 petition in which he requests that the Court order Warden Bledsoe to transfer him to the State of Ohio so that he may address the alleged probation violation.

### III. ANALYSIS

The petitioner seeks relief under 28 U.S.C. §2241(c)(5). This section provides as follows:

(c) The writ of habeas corpus shall not extend to a prisoner unless--

(5) It is necessary to bring him into court to testify or for trial.

Until the petitioner is taken into custody by Ohio authorities, he is not entitled to a hearing regarding the parole violation issue. See Moody v. Daggett, 429 U.S. 78 (1976); Larson v. McKenzie, 554 F.2d 131 (4th Cir. 1977). Thus, the petitioner is not entitled to have Warden Bledsoe transfer him to Ohio.

### IV. RECOMMENDATION

It is recommended that the petitioner's §2241 be DENIED and DISMISSED WITH PREJUDICE .

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[1]

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: February *14*, 2005

JOHN S. KAULL
**UNITED STATES MAGISTRATE JUDGE**

---

[1]28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).