IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERMELLE DEWBERRY,

       Petitioner

v.                //        CIVIL ACTION NO. 1:04CV97
                                (Judge Keeley)

B. A. BLEDSOE

       Respondent.


## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 20, 2004, pro se petitioner Germelle Dewberry
("Dewberry") filed a petition for writ of habeas corpus pursuant to
28 U.S.C. § 2241. The Court referred this matter to United States
Magistrate Judge John S. Kaull for initial screening and a report
and recommendation in accordance with Local Rule of Prisoner
Litigation 83.09.

On February 14, 2005, Magistrate Judge Kaull issued a Report
and Recommendation ("R&R") recommending the case be dismissed with
prejudice. Dewberry sought an order directing the warden to
transfer him to the State of Ohio to permit him to address an
alleged probation violation. 28 U.S.C. § 2241(c)(5) provides that:

> (c) The writ of habeas corpus shall not extend
> to a prisoner unless –
>
> (5) It is necessary to bring him into court to
> testify or for trial.

Accordingly, pursuant to Larson v. McKenzie, 554 F.2d 131 (4th Cir.
1977) and Moody v. Daggett, 429 U.S. 78 (1976), the Magistrate
determined that, until the petitioner is taken into custody by Ohio

authorities, he is not entitled to a hearing regarding the parole violation issue. Therefore, the Magistrate Judge recommended that the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

The R&R stated that:

> Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.

It also specifically warned that failure to object to the Magistrate's recommendations would result in the waiver of any appellate rights on this issue.[1]

The docket sheet in this matter reflects that the United States Postal Service returned the mailing containing the Report and Recommendation to the Clerk of Court marked undeliverable on February 18, 2005.

On May 20, 2004, the Clerk of the Court mailed a "Notice of General Guidelines for Appearing Pro Se in Federal Court" to the petitioner. On page five of the "Instructions for Filing a Civil

---

[1] Dewberry's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

### ORDER ADOPTING REPORT AND RECOMMENDATION

Action for Violation of Civil Rights (Bivens Action)" the Clerk of the Court directs that "**IF YOU DO NOT KEEP THE COURT ADVISED OF YOUR CURRENT ADDRESS, YOUR CASE MAY BE DISMISSED FOR WANT OF PROSECUTION**".   As of this date, Dewberry has failed to provide a current address to the Court.

Accordingly, due to Dewberry's failure to provide a current address to the Court, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** this case **DISMISSED without prejudice** for want of prosecution.

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: January 8, 2007.


<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE